972 F.2d 337
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Felix PAGAN-VEGA, Defendant, Appellant.
UNITED STATES, Appellee,
v.
Justiniano CUEVAS-BURGOS, Defendant, Appellant.
 Nos. 90-1856, 90-1979.
 United States Court of Appeals, First Circuit.
 Aug. 3, 1992.
 
 Appeals from the United States District Court for the District of Puerto Rico, Raymond L. Acosta, U.S. District Judge.
 Benito I. Rodriguez Masso, by Appointment of the Court, for appellant Felix Pagan Vega.
 David W. Roman for appellant Justiniano Cuevas-Burgos.
 Jose A. Quiles, Asst. U.S. Atty., with whom Daniel F. Lopez-Romo, U.S. Atty., and Ivan Dominguez, Asst. U.S. Atty., were on brief for appellee.
 Before BREYER, Circuit Judge, LAY,* Senior Circuit Judge, and O'SCANNLAIN,** Circuit Judge.
 PER CURIAM.
 
 
 1
 Justiniano Cuevas-Burgos ("Cuevas") was convicted of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846, and aiding and abetting the distribution of five kilograms of cocaine in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1); he was sentenced to concurrent terms of 120 months of imprisonment on each count. One of his co-defendants, Felix Pagan-Vega ("Pagan"), was convicted of the same charges as was Cuevas, and in addition was convicted of five counts of using a communications facility to facilitate drug trafficking, in violation of 21 U.S.C. § 843(b). Pagan was sentenced to terms of imprisonment of 121 months each on the conspiracy and aiding and abetting counts, and to terms of 48 months each on the communications facility counts, all terms to be served concurrently. Cuevas and Pagan appeal their convictions on the grounds that out-of-court statements by Cuevas were improperly admitted into evidence, and that their convictions were not supported by sufficient evidence. We affirm.
 
 
 2
 * Cuevas argues that the district court erred in "allow[ing] the jury the unfettered consideration of all of the testimony of [A]gent Morales and cooperating codefendant Rodriguez regarding incriminating conspiratorial hearsay statements made by [a]ppellant Cuevas." Pagan joins this argument. Appellants contend that admission of Cuevas' out-of-court statements was in error because there was insufficient evidence to support a finding that such statements were admissible under the co-conspirator exception to the bar on hearsay, Federal Rule of Evidence 801(d)(2)(E).
 
 
 3
 We note at the outset that only Pagan is entitled to contest the admission of out-of-court statements made by Cuevas on this basis. Under the Federal Rules of Evidence, a "statement is not hearsay if ... [t]he statement is offered against a party and is ... the party's own statement." Fed.R.Evid. 801(d)(2)(A). Irrespective of the existence of a conspiracy, Cuevas has no basis under the hearsay rules to object to his own out-of-court statements being used against him at trial.
 
 
 4
 Thus, we only address Pagan's claim of error in the admission of Cuevas' out-of-court statements. Under the Federal Rules of Evidence, out-of-court statements of a co-conspirator are not hearsay. Fed.R.Evid. 801(d)(2)(E). However,
 
 
 5
 [b]efore admitting a co-conspirator's statement over an objection that it does not qualify under Rule 801(d)(2)(E), a court must be satisfied that the statement actually falls within the definition of the Rule. There must be evidence that there was a conspiracy involving the declarant and the nonoffering party, and that the statement was made "during the course and in furtherance of the conspiracy."
 
 
 6
 Bourjaily v. United States, 483 U.S. 171, 175 (1987) (quoting Fed.R.Evid. 801(d)(2)(E)). The district court here made just such express findings, stating that the "conspiracy did in fact take place[,] ... that the defendants were members of the conspiracy at the time the declarations were made and that these declarations were made in the furtherance of the conspiracy."
 
 
 7
 "A trial court's rulings on ... admissibility of evidence are reversible only for abuse of discretion." United States v. Abreu, 952 F.2d 1458, 1467 (1st Cir.), cert. denied, 112 S.Ct. 1695 (1992). Further, the "existence of a conspiracy and [defendants'] involvement in it are preliminary questions of fact." Bourjaily, 483 U.S. at 175. Accordingly, such findings can be reversed only if clearly erroneous. See United States v. Kaplan, 832 F.2d 676, 685 (1st Cir.1987), cert. denied, 485 U.S. 907 (1988).
 
 
 8
 The Supreme Court has held that such findings need only be established by a preponderance of the evidence, even in a criminal prosecution. Bourjaily, 483 U.S. at 175-76. In making such findings, the district court may "consider any evidence whatsoever, bound only by the rules of privilege." Id. at 178. Even the very out-of-court statements sought to be admitted may be considered by the district court in making its findings. Id. at 181.
 
 
 9
 The district court's findings supporting the admission of Cuevas' out-of-court statements under Rule 801(d)(2)(E) are not clearly erroneous. Lt. Gonzales testified that Pagan consistently maintained that Cuevas was his source of cocaine. Lt. Gonzales also stated that Pagan tried to call Cuevas to ascertain whether the cocaine was actually available for delivery. Videotape and eyewitness testimony placed Cuevas at both the negotiating session on July 11, 1989, and at the cocaine transaction the following day. Cuevas directed the government agents toward the cocaine at the time of the sale. Because the district court's findings supporting the admission of Cuevas' out-of-court statements under the co-conspirator exception to the hearsay rule are not clearly erroneous, we conclude that it was not an abuse of discretion for the court to have admitted into evidence such statements.
 
 II
 
 10
 Both Cuevas and Pagan contend that the evidence was insufficient to support their convictions. "The standard of review for sufficiency [of evidence] challenges is whether the total evidence, taken in the light most amicable to the prosecution, together with all reasonable inferences favorable to it, would allow a rational factfinder to conclude beyond a reasonable doubt that the defendant was guilty as charged." United States v. Maraj, 947 F.2d 520, 522-23 (1st Cir.1991).
 
 
 11
 Both Cuevas and Pagan were convicted of aiding and abetting the distribution of five kilograms of cocaine on July 12, 1989, in violation of 21 U.S.C. § 841(a)(1). They argue that "distribution" was not proven as a matter of law because "Agent Morales never touched the cocaine, ... never took delivery of the cocaine, ... [and] no money ever changed hands." Pagan and Cuevas concede, however, as they must, that there need not be an exchange of drugs for money for the crime of unlawful distribution to be accomplished. Moreover, appellants do not contest the jury instruction on distribution, which defined "distribution" as: "to deliver ... a controlled substance to the possession of another person, which in turn means the actual, constructive, or attempted transfer of a controlled substance." (Emphasis added.) This instruction precisely tracks the statutory definition of "distribution." See 21 U.S.C. § 802(8), (11). Appellants' co-defendant Jaime Rodriguez-Vega ("Rodriguez") opened the trunk and offered the suitcase containing five kilograms of cocaine to Agent Morales before Agent Morales gave the arrest signal. Manifestly, this represents at least an "attempted transfer" of the cocaine.
 
 
 12
 Pagan also argues that because he merely received phone calls from government agents and never placed any calls himself, he cannot be guilty of the offense of using a communications facility to facilitate drug trafficking. The testimony of Agent Morales and the tape recordings indicated that Pagan in fact did place some of the calls himself. In any event, this court has held that merely receiving telephone calls is sufficient to constitute a violation of 21 U.S.C. § 843(b). See United States v. Cordero, 668 F.2d 32, 43 n. 16 (1st Cir.1981).
 
 
 13
 The government produced audiotapes of the extensive telephone negotiations between Pagan and Agent Morales from June 27 to July 12, 1989, and videotapes showing Pagan and Cuevas present at the July 11 negotiating session and the July 12 attempted distribution of five kilograms of cocaine. The July 12 transaction and the two weeks of negotiations leading up to it were described in detail in the testimony of three government witnesses, Agent Morales, Lt. Gonzales, and appellants' co-defendant Rodriguez. Significantly, when Pagan took the stand he did not deny his involvement in a drug transaction, but explained that he was under financial pressures at the time. Viewing the evidence in the light most favorable to the government, as we must, we have no trouble concluding that a rational factfinder could find guilt beyond a reasonable doubt on all of the counts of conviction.
 
 
 14
 Affirmed.
 
 
 
 *
 Of the Eighth Circuit, sitting by designation
 
 
 **
 Of the Ninth Circuit, sitting by designation